**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PIXMARX IP LLC, <br><br>           Plaintiff, <br><br>     v. <br><br> SNAP INC., <br><br>           Defendant. | Civil Case No. 3:20-cv-01157-M |

## DEFENDANT'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Snap Inc. ("Snap") responds to and answers Plaintiff Pixmarx IP LLC's ("Pixmarx") Original Complaint for Patent Infringement ("Complaint") as follows:

Snap admits that in the opening and unnumbered paragraph of the Complaint, Pixmarx alleges that this is a Complaint for infringement of U.S. Patent No. 9,477,689 ("'689 Patent"), U.S. Patent No. 9,792,662 ("'662 Patent"), U.S. Patent No. 10,102,601 ("'601 Patent"), and U.S. Patent No. 10,489,873 ("'873 Patent") (collectively, "Asserted Patents"), but denies any such patent infringement as alleged by Pixmarx. Snap further denies all allegations in the Complaint that are not specifically admitted below. Finally, Snap denies that Pixmarx is entitled to the relief requested in the Complaint or to any other relief.

## THE PARTIES

1.      Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

2.      Admitted.

## JURISDICTION AND VENUE

3.      Snap admits that the Complaint purports to be an action arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 284-285. Snap admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Snap denies that it committed patent infringement and denies that Pixmarx is entitled to any of the relief it seeks. Snap denies that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Snap denies any remaining allegations in paragraph 3.

4.      The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Snap does not contest that the Court has specific personal jurisdiction over it for purposes of the instant action only. Snap denies that it is subject to general personal jurisdiction, denies that it conducts substantial business in the State of Texas and the Northern District of Texas, denies that it committed any act of infringement in the Northern District of Texas, denies that it regularly conducts or solicits business in the State of Texas, denies that it engages in other persistent conduct that would subject it to general jurisdiction in the State of Texas, and denies that it derives substantial revenue from goods and products sold and services provided to Texas residents such that it would be subject to general personal jurisdiction in the State of Texas. Snap denies any remaining allegations in paragraph 4.

5.      For purposes of this case only, Snap does not contest venue. Snap denies that it has a "regular and established place of business" in the Northern District of Texas as that phrase is used in 28 U.S.C. § 1400(b). Snap admits that it leases property at 3102 Oak Lawn Avenue, Dallas, Texas 75219. Snap denies that it committed any act of infringement in the Northern District of Texas. Snap denies any remaining allegations in paragraph 5.

## FACTUAL BACKGROUND

6.      Snap admits that the '689 Patent is entitled "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph." Snap admits that the '689 Patent issued on October 25, 2016 and purports to relate to U.S. Patent Application No. 14/251,707. Snap admits that U.S. Patent Application No. 14/251,707 was filed on April 14, 2014. Snap admits that Exhibit 1 attached to the Complaint appears to be a copy of the '689 Patent. Snap denies any remaining allegations in paragraph 6.

7.      Snap admits that the '662 Patent is entitled "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph." Snap admits that the '662 Patent issued on October 17, 2017 and purports to relate to U.S. Patent Application No. 15/275,166, which was filed on September 23, 2016. Snap further admits that U.S. Patent Application No. 15/275,166 claims it is allegedly a continuation of U.S. Patent Application No. 14/251,707. Snap admits that Exhibit 2 attached to the Complaint appears to be a copy of the '662 Patent. Snap denies any remaining allegations in paragraph 7.

8.      Snap admits that the '601 Patent is entitled "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph." Snap admits that the '601 Patent issued on October 16, 2018 and purports to relate to U.S. Patent Application No. 15/705,703, which was filed on September 15, 2017. Snap further admits that U.S. Patent Application No. 15/705,703 claims it is allegedly a continuation of U.S. Patent Application No. 15/275,166. Snap admits that Exhibit 3 attached to the Complaint appears to be a copy of the '601 Patent. Snap denies any remaining allegations in paragraph 8.

9.      Snap admits that the '873 Patent is entitled "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph." Snap admits that the '873 Patent

issued on November 26, 2019 and purports to relate to U.S. Patent Application No. 16/118,108, which was filed on August 30, 2018. Snap further admits that U.S. Patent Application No. 16/118,108 claims it is allegedly a continuation of U.S. Patent Application No. 15/705,703. Snap admits that Exhibit 4 attached to the Complaint appears to be a copy of the '873 Patent. Snap denies any remaining allegations in paragraph 9.

10.     Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

11.     Snap admits that Barry Crutchfield and Gary Lipps are listed on the Asserted Patents as the inventors. Snap lacks information sufficient to form a belief as to the truth of Mr. Crutchfield's and Mr. Lipp's contribution to the invention of the Asserted Patents and/or whether others might have also contributed to the invention of the Asserted Patents, and on that basis denies that Mr. Crutchfield and Mr. Lipps are inventors or are the only inventors of the Asserted Patents. Snap denies any remaining allegations in paragraph 11.

12.     Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

13.     Snap admits that the Asserted Patents claim to share a specification and purport to relate to U.S. Provisional Patent Application Serial No. 61/966,161, which was filed on February 15, 2014. Snap denies that the issued claims are sufficiently disclosed by the provisional application from which they claim priority. Snap denies the Asserted Patents are entitled to a priority date of February 15, 2014 and denies any remaining allegations in paragraph 13.

14.     The allegations of this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Snap denies the patents are valid and denies any remaining allegations in paragraph 14.

15.    Denied.

16.    Snap admits that this paragraph appears to selectively quote portions of the Asserted Patents. Snap denies that the specification of the Asserted Patents disclose shortcomings in the prior art and explain the technical manner in which the alleged inventions claimed in the Asserted Patents resolve or overcome those shortcomings. Snap denies that the Asserted Patents are directed to patent eligible subject matter under 35 U.S.C. § 101 and denies any remaining allegations of paragraph 16.

17.    Snap admits that this paragraph appears to selectively quote portions of the Asserted Patents. Snap denies that the patents in suit "introduced" the concept of providing embeddable content based upon a digital imaging device's location. Snap further denies that the concept of providing embeddable content based upon a digital imaging device's location was not well understood, routine, or conventional in the field of digital photography in 2014. Snap admits that it publicly released geofilters and made them accessible to users of Snapchat in 2014. Snap denies that the Asserted Patents are directed to patent eligible subject matter under 35 U.S.C. § 101 and denies any remaining allegations of paragraph 17.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,489,873

18.    Snap incorporates by reference its responses to Paragraphs 1 through 17.

19.    Snap admits that the Complaint purports to be an action arising under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*. Snap denies that it committed patent infringement and denies that Pixmarx is entitled to any of the relief it seeks. Snap denies any remaining allegations in paragraph 19.

20.     Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

21.     Denied.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

22.     Denied.

23.     Denied.

24.     Snap admits that Exhibit 5 attached to the Complaint appears to be a claim chart. Snap denies it infringes the '873 Patent and denies the claim chart accurately identifies or otherwise describes Snap's products. Snap further denies that the purported claim chart evidences any act of infringement. Snap denies any remaining allegations in paragraph 24.

25.     Denied.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

26.     Denied.

27.     Snap admits that it knew of the '873 Patent's existence at least as of the date it was served with a copy of this Complaint. Snap further admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap denies the remaining allegations of paragraph 27.

28.     Snap lacks information sufficient to form a belief as to the truth of what information Pixmarx, LLC included on its website or applications, and on that basis denies any and all allegations relating to the content of www.pixmarx.com and/or the content of Pixmarx applications. Snap also lacks information sufficient to form a belief as to the truth of how Pixmarx, LLC advertised "the Pixmarx app," and on that basis denies any and all allegations relating to the

content of such advertisements. Snap denies it learned of one or more Pixmarx patents during discussions with Pixmarx, LLC regarding the mark GEOFILTER. Snap denies any remaining allegations of paragraph 28.

29.    Snap admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap further admits that U.S. Patent Publication 20090026854 was listed in the document attached to Hansen's e-mail. Snap further admits that paragraph 29 of the Complaint purports to quote certain portions of the document attached to Hansen's e-mail. The document speaks for itself. Snap denies the remaining allegations of paragraph 29.

30.    Denied.

31.    Denied.

32.    Snap admits that it maintains the following product support page for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap further admits that it published the following instructional video for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap denies the remaining allegations of paragraph 32, including that these items instruct or encourage Snapchat users to infringe the Asserted Patents.

33.    Denied.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 10,102,601

34.    Snap incorporates by reference its responses to Paragraphs 1 through 33.

35.    Snap admits that the Complaint purports to be an action arising under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*. Snap denies that it committed patent

infringement and denies that Pixmarx is entitled to any of the relief it seeks. Snap denies any remaining allegations in paragraph 35.

36.     Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

37.     Denied.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

38.     Denied.

39.     Denied.

40.     Snap admits that Exhibit 6 attached to the Complaint appears to be a claim chart. Snap denies it infringes the '601 Patent and denies the claim chart accurately identifies or otherwise describes Snap's products. Snap further denies that the purported claim chart evidences any act of infringement. Snap denies any remaining allegations in paragraph 40.

41.     Denied.

### INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

42.     Denied.

43.     Snap admits that it knew of the '601 Patent's existence at least as of the date it was served with a copy of this Complaint. Snap further admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap denies the remaining allegations of paragraph 43.

44.     Snap lacks information sufficient to form a belief as to the truth of what information Pixmarx, LLC included on its website or applications, and on that basis denies any and all allegations relating to the content of www.pixmarx.com and/or the content of Pixmarx

applications. Snap also lacks information sufficient to form a belief as to the truth of how Pixmarx, LLC advertised "the Pixmarx app," and on that basis denies any and all allegations relating to the content of such advertisements. Snap denies it learned of one or more Pixmarx patents during discussions with Pixmarx, LLC regarding the mark GEOFILTER. Snap denies any remaining allegations of paragraph 44.

45.     Snap admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap further admits that the '601 Patent was listed in the document attached to Hansen's e-mail. Snap further admits that paragraph 45 of the Complaint purports to quote certain portions of the document attached to Hansen's e-mail. The document speaks for itself. Snap denies the remaining allegations of paragraph 45.

46.     Denied.

47.     Denied.

48.     Snap admits that it maintains the following product support page for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap further admits that it published the following instructional video for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap denies the remaining allegations of paragraph 48, including that these items instruct or encourage Snapchat users to infringe the Asserted Patents.

49.     Denied.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,792,662

50.     Snap incorporates by reference its responses to Paragraphs 1 through 49.

51.     Snap admits that the Complaint purports to be an action arising under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*. Snap denies that it committed patent infringement and denies that Pixmarx is entitled to any of the relief it seeks. Snap denies any remaining allegations in paragraph 51.

52.     Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

53.     Denied.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

54.     Denied.

55.     Denied.

56.     Snap admits that Exhibit 7 attached to the Complaint appears to be a claim chart. Snap denies it infringes the '662 Patent and denies the claim chart accurately identifies or otherwise describes Snap's products. Snap further denies that the purported claim chart evidences any act of infringement. Snap denies any remaining allegations in paragraph 56.

57.     Denied.

### INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

58.     Denied.

59.     Snap admits that it knew of the '662 Patent's existence at least as of the date it was served with a copy of this Complaint. Snap further admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap denies the remaining allegations of paragraph 59.

60.     Snap lacks information sufficient to form a belief as to the truth of what information Pixmarx, LLC included on its website or applications, and on that basis denies any and all allegations relating to the content of www.pixmarx.com and/or the content of Pixmarx applications. Snap also lacks information sufficient to form a belief as to the truth of how Pixmarx, LLC advertised "the Pixmarx app," and on that basis denies any and all allegations relating to the content of such advertisements. Snap denies it learned of one or more Pixmarx patents during discussions with Pixmarx, LLC regarding the mark GEOFILTER. Snap denies any remaining allegations of paragraph 60.

61.     Snap admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap further admits that the '662 Patent was listed in the document attached to Hansen's e-mail. Snap further admits that paragraph 61of the Complaint purports to quote certain portions of the document attached to Hansen's e-mail. The document speaks for itself. Snap denies the remaining allegations of paragraph 61.

62.     Denied.

63.     Denied.

64.     Snap admits that it maintains the following product support page for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap further admits that it published the following instructional video for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap denies the remaining allegations of paragraph 64, including that these items instruct or encourage Snapchat users to infringe the Asserted Patents.

65.     Denied.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,7477,689

66.     Snap incorporates by reference its responses to Paragraphs 1 through 65.

67.     Snap admits that the Complaint purports to be an action arising under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*. Snap denies that it committed patent infringement and denies that Pixmarx is entitled to any of the relief it seeks. Snap denies any remaining allegations in paragraph 67.

68.     Snap lacks information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies those allegations.

69.     Denied.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

70.     Denied.

71.     Denied.

72.     Snap admits that Exhibit 8 attached to the Complaint appears to be a claim chart. Snap denies it infringes the '689 Patent and denies the claim chart accurately identifies or otherwise describes Snap's products. Snap further denies that the purported claim chart evidences any act of infringement. Snap denies any remaining allegations in paragraph 72.

73.     Denied.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

74.     Denied.

75.     Snap admits that it knew of the '689 Patent's existence at least as of the date it was served with a copy of this Complaint. Snap further admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating

that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap denies the remaining allegations of paragraph 75.

76.     Snap lacks information sufficient to form a belief as to the truth of what information Pixmarx, LLC included on its website or applications, and on that basis denies any and all allegations relating to the content of www.pixmarx.com and/or the content of Pixmarx applications. Snap also lacks information sufficient to form a belief as to the truth of how Pixmarx, LLC advertised "the Pixmarx app," and on that basis denies any and all allegations relating to the content of such advertisements. Snap denies it learned of one or more Pixmarx patents during discussions with Pixmarx, LLC regarding the mark GEOFILTER. Snap denies any remaining allegations of paragraph 76.

77.     Snap admits that on August 22, 2019, Maria Hansen at IP Engineering Group Corporation sent an e-mail communication to a Snap employee stating that "IP Engineering Group is representing the sale of a patent portfolio owned by Pixmarx." Snap further admits that the '689 Patent was listed in the document attached to Hansen's e-mail. Snap further admits that paragraph 77 of the Complaint purports to quote certain portions of the document attached to Hansen's e-mail. The document speaks for itself. Snap denies the remaining allegations of paragraph 77.

78.     Denied.

79.     Denied.

80.     Snap admits that it maintains the following product support page for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap further admits that it published the following instructional video for users of Snapchat: https://support.snapchat.com/en-US/article/face-worldlenses. Snap denies the remaining allegations of paragraph 80, including that these items instruct or encourage Snapchat users to infringe the Asserted Patents.

81.     Denied.

## DEMAND FOR JURY TRIAL

82.     This paragraph sets forth Pixmarx's demand for jury trial, to which no response for Snap is required.

## PRAYER FOR RELIEF

83.     Snap denies any allegations in Pixmarx's Prayer for Relief and denies that Pixmarx is entitled to any of the requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

84.     Pursuant to Federal Rule of Civil Procedure 8(b) and 8(c), without assuming any burden of proof that it would not otherwise bear, without reducing or removing Pixmarx's burdens of proof on its claims against Snap, reserving its right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any and all of the following defenses, Snap asserts the following defenses and/or affirmative defenses to Pixmarx's Complaint:

## FIRST DEFENSE

85.     Snap denies each and every allegation of the Complaint not herein specifically admitted.

## SECOND DEFENSE

86.     Pixmarx has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

87.     Snap has not infringed, directly or indirectly, any valid claim of the Asserted Patents, literally or under the doctrine of equivalents. Additionally, Snap has not induced any third

party to infringe any valid claim of the Asserted Patents, literally or under the doctrine of equivalents.

## FOURTH DEFENSE

88.     Each of the claims of the Asserted Patents are invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and 112, and 282.

## FIFTH DEFENSE

89.     Pursuant to the requirements of 35 U.S.C. §§ 287-288, Pixmarx's ability to recover damages and/or costs is limited.

90.     Upon information and belief, Plaintiff Pixmarx's predecessor-in-interest, Pixmarx the Spot, LLC, made, offered for sale, and sold within the United States patented mobile phone applications without giving proper notice to the public that they were patented in compliance with the notice provisions of 35 U.S.C. § 287. Accordingly, Pixmarx may not recover damages for alleged infringement committed prior to the filing of its Original Complaint (Doc. 1).

91.     Pixmarx is barred from recovering costs in connection with this action pursuant to 35 U.S.C. § 288.

## SIXTH DEFENSE

92.     Pixmarx cannot prove that this is an exceptional case justifying an award of attorneys' fees against Snap pursuant to 35 U.S.C. § 285. Snap did not have notice of any alleged infringement until Pixmarx served Snap with a copy of the Original Complaint. Furthermore, as set forth below, Snap does not infringe any valid claim of the Asserted Patents.

## SEVENTH DEFENSE

93.     Pixmarx is barred in whole or in part under principles of equity, including, without limitation, prosecution laches, waiver, estoppel, and/or unclean hands.

## EIGHTH DEFENSE

94.     Pixmarx is not entitled to enhanced or increased damages for willful infringement because Snap has not engaged in conduct that meets the applicable standard for willful infringement. Pixmarx has also failed to adequately plead or state a claim for relief for willful infringement.

## NINTH DEFENSE

95.     The Asserted Patents are invalid for double patenting.

## COUNTERCLAIMS

Counterclaimant Snap hereby alleges the following counterclaims against Pixmarx:

## PARTIES

1.     Counterclaimant Snap is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2772 Donald Douglas Loop North, Santa Monica, California 90405.

2.     Upon information and belief, counterclaim-defendant Pixmarx is a Texas limited liability company with its principal place of business located at 312 W. 8th Street, Dallas, Texas 75208.

## JURISDICTION AND VENUE

3.     Snap's declaratory judgment counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, Section1, *et. seq.* This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      This Court has personal jurisdiction over Pixmarx because, *inter alia*, Pixmarx has submitted to the jurisdiction of this Court by filing this action and purposefully availing itself of the benefits and protections of the laws of the district.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and because Pixmarx is asserting claims for patent infringement in this district in response to which these counterclaims are asserted.

## FACTS

6.      According to the allegations in Pixmarx's Complaint, Pixmarx claims certain rights arising under the patent laws of the United States and relating to the Asserted Patents.

7.      For purposes of these Counterclaims only, Snap accepts as true Pixmarx's judicial admission that it is the owner by assignment of the Asserted Patents.

8.      Pixmarx has expressly charged Snap with infringement of the Asserted Patents by filing the Complaint. Snap has denied these allegations because Snap's products do not infringe any valid claim of the Asserted Patents under any reasonable claim construction interpretation.

9.      For example, each of the Asserted Patents requires embeddable content images to be displayed on an image viewing structure while the visual content is being acquired by the digital imaging system. Pixmarx asserts that Snap's filters infringe the Asserted Patents. Snap's filters are not applied to an image while the visual content is being acquired by a digital imaging system. Accordingly, Snap's filters and geofilters cannot infringe the Asserted Patents.

10.     Pixmarx has expressly alleged that the Asserted Patents are valid. Snap has denied these allegations.

11.     The geolocation, photo manipulation, and augmented reality fields existed long before the alleged priority date of the Asserted Patents. For example, Foursquare City Guide

launched in 2009. City Guide provided personalized recommendations of places to go near a user based upon the user's current location and previous browsing history and check-ins. Similarly, Facebook Places, which launched in 2010, was a geolocation mobile marketing feature that allowed users to "check into" certain locations using their mobile device.

12.     Moreover, U.S. Patent. No. 9,215,293 to Samuel A. Miller, with a priority date of October 28, 2011, anticipates the Asserted Patents. As such, the Asserted Patents are invalid under 35 U.S.C. §102. To the extent the '293 patent does not anticipate the Asserted Patents, when combined with the other prior art references described in Snap's counterclaims and the knowledge, skill, and experience of a person of ordinary skill in the art, the Asserted Patents are invalid under §103.

13.     The '293 patent generally describes an augmented reality application that utilizes the camera of a wireless device to capture the physical environment around the user and overlay both static and dynamic virtual objects on the device's screen. The virtual objects in the '293 reference may be provided and/or selected by the user, and may become available in response to and based on the physical location of the wireless device determined via GPS.

14.     For example, claim 1 of the '689 patent claims "[a] computer-implemented method performed by a wireless communication device," which the '293 reference anticipates by describing several systems including and methods implemented by a wireless communication device, such as a smart phone. Claim 1 of the '689 patent further claims "receiving… a request to embed system-provided content into a photograph to be taken at a current location of the wireless communication device," "providing…one or more embeddable content images," "receiving…designation of a selected one of the one or more embeddable content images," and "displaying…the user-selected embeddable content image on an image viewing structure of the

wireless communication device." Similarly, the '293 patent discloses an augmented reality mode where a user may select a virtual object via a user interface; the object data is provided to, rendered by, and visualized via the user's wireless device; and the virtual object is displayed by the wireless device through the user interface.  Claim 1 of the '689 patent further claims "causing visual content captured in real-time by the digital imaging device at the current location to be displayed on the image viewing structure in combination with the user selected embeddable content image… maintaining the user-selected embeddable content image at a static position within an area of the image viewing structure independent of the visual content that is being captured in real-time… causing the user-selected embeddable content image to be displayed as a mask over the visual content that is being captured in real-time by the digital imaging device" and "outputting from the wireless communication device a visual image data structure comprising the photograph, wherein the photograph comprises the user-selected embeddable content image and portions of said captured real-time visual content that are visible on the image viewing structure through the mask." The '293 patent discloses both static and dynamic virtual objects (*e.g.*, those displayed at a fixed position within the physical environment and those displayed at a position relative to the user interface/display such as a clock or thermometer in the upper corner of the display). Additionally, the '293 patent discloses capturing the physical environment around the user via the user device's camera and overlaying the virtual object(s) on the screen of the user device such that the user can see both the current real environment and the virtual objects on the display screen. The '293 patent also discloses graphics processors and other processors for rendering and generating graphics and images. Thus, by way of example, each and every limitation of claim 1 of the '689 patent is anticipated by the '293 reference and the '689 patent is invalid under 35 U.S.C. §102.

15.     Claim 1 of the '662 patent, claim 1 of the '601 patent, and claim 1 of the '873 patent include similar features to those claimed in claim 1 of the '689 patent and are similarly invalid under 35 U.S.C. §102 in light of the '293 patent. Additionally, for example, one or more other allegedly infringed claims of the '662 patent, the '601 patent, and/or the '873 patent further claim the "one or more embeddable content images" are "dependent upon the current location of the wireless communication devices." Providing geospatial content was well known to one of ordinary skill in the art well before the priority date of the allegedly infringed patents.  For example, the '293 patent clearly discloses determining the geospatial location of a wireless device and/or user based on GPS, using such location to trigger transmission of data, and making virtual objects available based on a user's physical location.

16.     In the field of digital photography, camera manufacturers like Nikon and Canon offered products with built-in global positioning systems that automatically geotagged digital photographs as early as 2008. For example, the Nikon Coolpix P6000 included geotagging functionality and was offered for sale at least by 2008. Similarly, cellular telephones also included functionality to automatically geotag photos at least by 2009.

17.     In the field of photo manipulation and augmented reality, Instagram allowed users to affix filters to digital photos taken on their mobile devices and instantaneously share them with others at least by 2010. Similarly, U.S. Patent Application Publication No. US2007268312 discloses a method of replacing the elements of a person's face with components made by users in a real time video. The disclosed methods involve changing an object in a video stream by overlaying it with new predetermined images.

18.     Despite the robust innovation that existed in the fields of geolocation and photo manipulation, the inventors of the Asserted Patents identified virtually *no* prior art when they

submitted their patent applications to the United States Patent and Trademark Office. In fact, the '689 Patent identifies *no* art cited by the applicants.

19.      Each of the Asserted Patents are invalid under 35 U.S.C. § 102 as anticipated by prior art, including, but not limited to the systems and publications set forth above. Furthermore, to the extent every element is not explicitly or inherently disclosed by the systems or publications above, they, in combination with (1) each other; (2) the knowledge of one of ordinary skill in the art, (3) common sense, or (4) other prior art that Snap will identify in its Invalidity Contentions render the asserted claims obvious.

20.      Furthermore, the Asserted Patents' specification is not directed to patent eligible subject matter pursuant to 35 U.S.C. § 101. The Asserted Patents are directed to an abstract idea. Furthermore, the Asserted Patents' specification does not disclose shortcomings in prior art and explain the technical manner in which the alleged inventions resolve or overcome those shortcomings. Furthermore, the Asserted Patents did not introduce a novel or inventive concept. As set forth above, geotagging digital photography with location metadata was well known in the art more than five years before the inventors filed the Provisional Application. Additionally, multiple mobile applications pushed content to users based upon their location and further permitted users to share location-based content at least four years before the inventors filed the Provisional Application. Furthermore, photographers have used physical camera lens filters to correct, enhance, adjust, or alter images prior to the image's capture. "Screw-on" filters (also called circular filters) are directly mounted onto the physical camera lens. Commonly used screw-on camera filters include polarizers and color filters. Similarly, "drop-in" filters are often used with telephoto lenses which have a larger front element and cannot be used with a standard screw-on filter. Drop-in filters are inserted into small, specialized compartments near the rear part of the lens

before the physical lens is attached to the camera. Additionally, the application of filter and lens images to digital photographs was well known and practiced several years before the inventors filed the Provisional Application. Finally, the concept of "sharing" digital photographs after their capture was well known in the art more than four years before the inventors filed the Provisional Application. Instagram, Facebook, Myspace, and other social media applications permitted users to "share" photographs with their "friends" and other contacts more than a year before the inventors filed the Provisional Application.

## COUNTERCLAIM NO. 1

### (Declaratory Judgment of Non-Infringement of the '873 Patent)

21.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

22.     Pixmarx alleges that Snap infringes one or more claims of the '873 Patent under 35 U.S.C. § 271, *et seq.*

23.     For at least the reasons set forth above, Snap does not infringe, directly or indirectly, any claim of the '873 Patent, either literally or under the doctrine of equivalents. Snap also has not induced others to infringe any claim of the '873 Patent.

24.     An actual case or controversy exists between Snap and Pixmarx as to whether or not Snap infringes the '873 Patent.

25.     Snap requests a declaratory judgment that Snap has not infringed and is not infringing the '873 Patent.

26.     Snap requests a declaratory judgment that Snap has not induced others and is not inducing others to infringe the '873 Patent.

27.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 2

### (Declaratory Judgment of Invalidity of the '873 Patent)

28.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

29.     Pixmarx contends that the '873 Patent is valid.

30.     Each of the asserted claims of the '873 Patent is invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

31.     An actual case or controversy exists between Snap and Pixmarx as to whether or not the '873 Patent is invalid.

32.     Snap is entitled to a declaratory judgment that the claims of the '873 Patent are invalid.

33.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 3

### (Declaratory Judgment of Non-Infringement of the '601 Patent)

34.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

35.     Pixmarx alleges that Snap infringes one or more claims of the '601 Patent under 35 U.S.C. § 271, *et seq.*

36.     For at least the reasons set forth above, Snap does not infringe, directly or indirectly, any claim of the '601 Patent, either literally or under the doctrine of equivalents. Snap also has not induced others to infringe any claim of the '601 Patent.

37.     An actual case or controversy exists between Snap and Pixmarx as to whether or not Snap infringes the '601 Patent.

38.     Snap requests a declaratory judgment that Snap has not infringed and is not infringing the '601 Patent.

39.     Snap requests a declaratory judgment that Snap has not induced others and is not inducing others to infringe the '601 Patent.

40.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 4

### (Declaratory Judgment of Invalidity of the '601 Patent)

41.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

42.     Pixmarx contends that the '601 Patent is valid.

43.     Each of the asserted claims of the '601 Patent is invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

44.     An actual case or controversy exists between Snap and Pixmarx as to whether or not the '601 Patent is invalid.

45.     Snap is entitled to a declaratory judgment that the claims of the '601 Patent are invalid.

46.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 5

### (Declaratory Judgment of Non-Infringement of the '662 Patent)

47.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

48.     Pixmarx alleges that Snap infringes one or more claims of the '662 Patent under 35 U.S.C. § 271, *et seq.*

49.     For at least the reasons set forth above, Snap does not infringe, either directly or indirectly, any claim of the '662 Patent, either literally or under the doctrine of equivalents. Snap also has not induced others to infringe any claim of the '662 Patent.

50.     An actual case or controversy exists between Snap and Pixmarx as to whether or not Snap infringes the '662 Patent.

51.     Snap requests a declaratory judgment that Snap has not infringed and is not infringing the '662 Patent.

52.     Snap requests a declaratory judgment that Snap has not induced others and is not inducing others to infringe the '662 Patent.

53.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 6

### (Declaratory Judgment of Invalidity of the '662 Patent)

54.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

55.     Pixmarx contends that the '662 Patent is valid.

56.     Each of the asserted claims of the '662 Patent is invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

57.     An actual case or controversy exists between Snap and Pixmarx as to whether or not the '662 Patent is invalid.

58.     Snap is entitled to a declaratory judgment that the claims of the '662 Patent are invalid.

59.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 7

### (Declaratory Judgment of Non-Infringement of the '689 Patent)

60.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

61.     Pixmarx alleges that Snap infringes one or more claims of the '689 Patent under 35 U.S.C. § 271, *et seq.*

-26-

62.     For at least the reasons set forth above, Snap does not infringe, either directly or indirectly, any claim of the '689 Patent, either literally or under the doctrine of equivalents. Snap also has not induced others to infringe any claim of the '689 Patent.

63.     An actual case or controversy exists between Snap and Pixmarx as to whether or not Snap infringes the '689 Patent.

64.     Snap requests a declaratory judgment that Snap has not infringed and is not infringing the '689 Patent.

65.     Snap requests a declaratory judgment that Snap has not induced others and is not inducing others to infringe the '689 Patent.

66.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNTERCLAIM NO. 8

### (Declaratory Judgment of Invalidity of the '689 Patent)

67.     Snap incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

68.     Pixmarx contends that the '689 Patent is valid.

69.     Each of the claims of the '689 Patent is invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

70.     An actual case or controversy exists between Snap and Pixmarx as to whether or not the '689 Patent is invalid.

71.     Snap is entitled to a declaratory judgment that the claims of the '689 Patent are invalid.

72.     This is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Snap prays for judgment on its counterclaims against Pixmarx as follows:

A.     Judgment in favor of Snap denying Pixmarx all relief requested in its Complaint in this action and dismissing Pixmarx's Complaint with prejudice;

B.     Judgment in favor of Snap on all of its counterclaims;

C.     Declaration and judgment that the Asserted Patents are invalid;

D.     Declaration that this case is exceptional under 35 U.S.C. § 285, and an award to Snap of its reasonable costs, attorneys' fees, and expert fees incurred in this action;

E.     Judgment that Pixmarx shall take nothing by this action;

F.     Judgment for all sums reasonably incurred by Snap in the defense of this Action, including but not limited to attorneys' fees, costs and expenses;

G.     Such relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Snap hereby demands a jury trial as to all issues that are so triable.

Dated:  July 17, 2020                    Respectfully submitted,

                                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                         By:  /s/ Steven G. Schortgen
                                             Steven G. Schortgen
                                               Texas Bar No. 00794603
                                               sschortgen@sheppardmullin.com
                                             Jason E. Mueller
                                               Texas Bar No. 24047571
                                               jmueller@sheppardmullin.com
                                             Jennifer Klein Ayers
                                               Texas Bar No. 24069322
                                               jayers@sheppardmullin.com

                                             2200 Ross Avenue, Suite 2400
                                             Dallas, Texas 75201
                                             Phone: (469) 391-7400
                                             Fax: (469) 391-7401

                                             Jennifer H. Doan
                                               Texas Bar No. 08809050
                                             Donald R. Ross
                                               Texas Bar No. 17286000
                                             HALTOM & DOAN
                                             4975 Preston Park Blvd., Suite 625
                                             Plano, TX 75093
                                             Telephone: (469) 814-0433
                                             Facsimile:  (469) 814-0422
                                             Email:  jdoan@haltomdoan.com
                                             Email:  dross@haltomdoan.com

                                             Cole A. Riddell
                                               Texas Bar No. 25105423
                                             HALTOM & DOAN
                                             6500 Summerhill Road, Suite 100
                                             Texarkana, TX  75503
                                             Telephone: (903) 255-1000
                                             Facsimile:  (903) 255-0800
                                             Email:  criddell@haltomdoan.com

                                             **ATTORNEYS FOR DEFENDANT SNAP INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Steven G. Schortgen*